**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN MALOWNEY, *pro se*,

    Plaintiff,

v.                                                                              Case No.  8:11-cv-634-T-30EAJ

ZACUR, GRAHAM & COSTIS, P.A.
and SEAN A. COSTIS,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss (Dkt. 7) and Plaintiff's Response in opposition (Dkt. 8).  The Court, having considered the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff John Malowney, who is proceeding in this case *pro se*, filed this action against Defendants under the Fair Debt Collection Practice Act ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA").  According to Plaintiff's complaint, Defendants violated the FDCPA and the FCCPA when they sent a letter of a notice of intent to foreclose on March 15, 2011, to Plaintiff based on outstanding assessments Plaintiff owed to Tahitian Towers Condominium ("Tahitian Towers").  The letter was sent by Defendant

Sean A. Costis, an attorney with the law firm of Defendant Zacur, Graham & Costis, P.A. Plaintiff alleges that Defendants knew that Tahitian Towers did not intend to foreclose upon his property. The March 15, 2011 letter states that Plaintiff owed $1,009.83 for past and present maintenance and special assessment fees and attorneys' fees and costs in the amount of $224.54, for a total amount of $1,234.37.

Defendants now move to dismiss Counts I and II of Plaintiff's complaint and move to strike Plaintiff's claim of punitive damages in Count II.

## DISCUSSION

**I.     Motion to Dismiss Standard of Review**

To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations,

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## II.     Count I of Plaintiff's Complaint

Count I of Plaintiff's complaint arises under the FDCPA, 15 U.S.C. §1692 *et seq*. Plaintiff alleges that Defendants violated 15 U.S.C. §1692e(5) by making a threat to foreclose on Plaintiff's property, when in fact Defendants had no authority or intent to foreclose. Plaintiff also alleges that Defendants violated 15 U.S.C. §1692f(1) by demanding attorneys' fees in the March 15, 2011 letter. Finally, Plaintiff alleges violations of 15 U.S.C. §1692g and 15 U.S.C. §1692e(2)(A)(5) and (10) by making a threat of suit during the debt validation request period and by misrepresenting the imminence of legal action by Defendants.

A collection notice sent by a debt collector to a debtor violates 15 U.S.C. §1692e(5) if (1) the debtor reasonably believes that the notice threatens legal action; and (2) the debt collector does not intend to take legal action. *U.S. v. Nat'l Fin. Serv., Inc.*, 98 F.3d 131, 135-36 (4th Cir. 1996). A creditor must have a "particularized intention to sue a particular debtor" in order to avoid running afoul of the statute. *Id*. at 138. Proof of a lack of intent is a per se violation of this subsection. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985).

Taking Plaintiff's allegations as true, which the Court must do at this stage, the Court concludes that Plaintiff adequately stated a claim under 15 U.S.C. §1692e(5). The complaint

states that Tahitian Towers and Defendants had no intention of taking the legal action of foreclosure at the time the March 15, 2011 letter was sent stating that Plaintiff's property was subject to foreclosure if he did not pay his overdue assessments. Accordingly, the Court denies the portion of Defendants' motion seeking dismissal of the part of Court I alleging a violation of 15 U.S.C. §1692e(5).

However, Plaintiff is put on notice that these allegations must be made in good faith in accordance with Rule 11 of the Federal Rules of Civil Procedure. If Plaintiff is found to violate Rule 11, he could be subject to sanctions and fines.

It is a violation of the FDCPA to collect a fee that is not allowed by law or expressly authorized by the agreement creating the debt. 15 U.S.C. §1692f(1). A claim that a demand for attorneys' fees violates 15 U.S.C. §1692f(1) will fail when state law authorizes recovery of attorneys' fees. *Robey v. Shapiro, Marioanos & Cejda, L.L.C.*, 434 F.3d 1208, 1213 (10th Cir. 2006), *referencing Robey v. Shapiro, Marioanos & Cejda, L.L.C.*, 340 F. Supp. 2d 1062, 1064-65 (N.D. Okla. 2004). Florida law states that a lien on an owner's property secures unpaid homeowners association assessments, as well as "reasonable costs and attorney's fees incurred by the association incident to the collection process." Fla. Stat. 720.3085(1)(a). No rule restricts attorneys' fees to only situations where an attorney has actually filed suit.

Because Florida law authorizes attorneys' fees when collecting unpaid assessments, Defendants were legally authorized to include a charge for attorneys' fees in the amount requested under 15 U.S.C. §1692f(1). Accordingly, the Court grants the portion of

Defendants' motion seeking dismissal of the part of Count I alleging a violation of 15 U.S. §1692f(1).

Finally, a review of Plaintiff's complaint demonstrates that Plaintiff's allegations are sufficient to establish violations of 15 U.S.C. §1692g, 15 U.S.C. §1692e(2)(A)(5), and 15 U.S.C. §1692(10). Defendants' arguments to the contrary are more appropriate at the summary judgment stage because they attack the veracity of Plaintiff's allegations, which the Court must accept as true at this stage. Accordingly, the Court denies Defendants' motion seeking dismissal of the remaining provisions of 15 U.S.C. §1692.

### III.    Count II of Plaintiff's Complaint

Count II of Plaintiff's complaint arises under the FCCPA, Fla. Stat. 559.72(9). A person violates Fla. Stat. 559.72(9) when he claims, attempts, or threatens to enforce a debt or legal right that is known to not exist. *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1363 (S.D. Fla. 2000). The statute relies on the legal status of the debt. *Id*. As discussed *supra*, Florida law permits the collection of unpaid assessments, as well as attorneys' fees and other costs associated with collection, by placing a lien on the property. Unlike the FDCPA, this section of the FCCPA does not address a person asserting a debt or other legal right that he does not intend to pursue.

Plaintiff alleges Defendants violated the FCCPA through the March 15, 2011 notice of intent letter. He claims Defendants' acts were done intentionally with the purpose of coercing and embarrassing Plaintiff into paying the debt. Plaintiff also seems to allege that

the debts were not legitimate at the time of the notice, because Plaintiff was paying off the debts over time, which Tahitian Towers allowed, and that the final special assessment payment was made on March 15, 2011, in the amount of $633.17.

Given Plaintiff's *pro se* status, the Court will allow this claim to stand. However, it bears repeating that Plaintiff should be cognizant of the impact of Rule 11 sanctions, if his allegations are later discovered to be without merit. Accordingly, the Court denies Defendants' motion to dismiss Count II.

### IV. Defendants' Alternative Motion to Strike Plaintiff's Claim for Punitive Damages

In Count II of the complaint, Plaintiff requests punitive damages. Defendants argue that Plaintiff does not allege sufficient facts in support of punitive damages. The Court agrees.

To recover punitive damages for violation of the FCCPA, Plaintiff must show that Defendants acted with malicious intent. *Ugarte v. Sunset Const., Inc.*, No. 8:07-cv-735-T-23EAJ, 2008 WL 4723600, at *4 (M.D. Fla. Oct. 21, 2008) (citations omitted). Although Plaintiff claims that Defendants' conduct was deceptive and abusive, his complaint does not allege malicious intent by Defendants.

Accordingly, Defendants' motion to strike Plaintiff's claim of punitive damages in Count II will be granted. However, the Court will entertain a motion to amend the complaint at a later date if Plaintiff can proffer evidence that provides a reasonable basis for an award of punitive damages.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. 7) is hereby GRANTED IN PART and DENIED IN PART as set forth herein.

2. Defendants shall file an answer to Plaintiff's complaint within fourteen (14) days from the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on May 2, 2011.

_/s/ James S. Moody, Jr._
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2011\11-cv-634.mtdismiss7.frm